# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00703-CR

**Timothy Wheat, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 15333, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Timothy Wheat appeals his conviction for failure to register as a sex offender, a second-degree felony. He claims he received ineffective assistance of counsel due to his counsel's failure to call a certain witness at trial. We will affirm.

## BACKGROUND

Wheat has been a registered sex offender since 1993. He is thus required to register with local law enforcement and comply with the requirements of the sex-offender registration program. *See* Tex. Code Crim. Proc. Ch. 62. Specifically, he was required to register every ninety days in the county where he resided or intended to reside for more than seven days. *Id*. art. 62.102.

On June 14, 2013, Wheat registered with law enforcement and reported a certain address as his residence. The following week, an investigator went to that address to verify his registration. Wheat's half-brother, Jonah Bates, Jr., answered the door and informed the investigator

that Wheat had not lived at that address since late May 2013. The investigator visited the room in which Wheat had resided, which appeared to be devoid of any personal items belonging to Wheat. Bates later provided the investigator an affidavit affirming his oral statements.

Wheat was arrested for failure to register. During his custodial interview, Wheat admitted that he had not lived at that address for several months and that he had failed to report his new address. At trial, the State subpoenaed Bates as a witness, but ultimately did not call him to testify. A jury found Wheat guilty. Wheat pleaded "true" to two enhancement paragraphs alleging two prior felony convictions, and the jury assessed punishment at twenty-eight years' confinement.

Wheat filed a motion for new trial, to which he attached two post-trial affidavits.[1] One was prepared by Bates, in which he stated that, during the guilt phase of trial, he had privately recanted his previous statement to law enforcement to the State's attorney and informed her that his testimony at trial would not comport with his original statement. He further stated that, while the jury was deliberating during sentencing, he informed Wheat's counsel of his recantation to the State's attorney. The other affidavit was prepared by Wheat's counsel, who stated that Bates had informed him of Bates's recantation after trial. Counsel also stated that, during the guilt phase of trial, Bates had informed him that he planned to testify consistently with his original statement to law enforcement.

No hearing was held on Wheat's motion, and the motion was overruled by operation of law. Wheat appealed.

---

[1] He also attached Bates's original affidavit that Bates provided the investigator after their initial meeting.

2

In his sole issue, Wheat claims that his trial counsel provided ineffective assistance by failing to call Bates to testify on Wheat's behalf.

## I.      Ineffective assistance of counsel

We apply the *Strickland* test when reviewing claims of ineffective assistance of counsel under the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013).  To prevail on a claim, an appellant must show by a preponderance of evidence that (1) his counsel's representation fell below the standard of prevailing professional norms and (2) there is a reasonable probability that the result of the proceeding would have been different but for his counsel's deficient performance.  *Strickland*, 466 U.S. at 687-88, 694; *Nava*, 415 S.W.3d at 307-08.

## II.      Wheat has failed to demonstrate that he received ineffective assistance of counsel

In support of his claim, Wheat relies primarily on the post-trial affidavits prepared by his counsel and Bates, which were attached to Wheat's motion for new trial.  However, the record does not indicate that a hearing was held on that motion, and Wheat does not contend there was such a hearing or that he requested one.[2]  The State contends that such affidavits are thus not in evidence and may not be considered on appeal.  We agree.

---

[2] Although Wheat's motion for new trial contains a certificate of presentment, that alone does not demonstrate that the trial court was on actual notice that Wheat sought a hearing on the motion.  *See Rouse v. State*, 300 S.W.3d 754, 760 (Tex. Crim. App. 2009); *Rodriguez v. State*, 425 S.W.3d 655, 663 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

In *Rouse v. State*, the Court of Criminal Appeals considered whether the court of appeals erred in relying on allegations made in a party's post-trial motion in concluding that the defendant's guilty plea was involuntary. 300 S.W.3d 754, 762 (Tex. Crim. App. 2009). The post-trial motion was overruled by operation of law with no indication on the record that a hearing had been conducted or requested. *Id.* at 760. The Court held that the court of appeals committed reversible error because the motion had not been introduced into evidence at a hearing, and any allegation made in support of a post-trial motion "by way of affidavit or otherwise must be offered into evidence at a hearing." *Id.* at 762; *see also Lamb v. State*, 680 S.W.2d 11, 13 (Tex. Crim. App. 1984) ("Motions for new trial are not self-proving. They must be supported by affidavits and the affidavits must be offered into evidence."); *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985) (in order to introduce affidavits attached to motion for new trial, "a *hearing* is required"). Because Wheat's affidavits were not introduced into evidence at a hearing on his motion for new trial, we may not consider them. *See Rouse*, 300 S.W.3d at 762.

The only other portions of the record Wheat cites in support of his claim are remarks made by his counsel and the State's attorney in closing argument regarding their decisions not to call Bates to testify. Wheat's counsel told the jury that he declined to call Bates because Bates's testimony would have been unpredictable, unreliable, and likely incriminatory. That remark, however, serves only to demonstrate the reasonableness of counsel's decision not to call Bates as a witness. The State's attorney similarly explained on closing that she did not call Bates because she believed he might provide false testimony. But that remark does not establish that Wheat's counsel was unreasonable in failing to call Bates to testify given the information available to counsel at trial,

namely, that Bates had previously provided law enforcement with statements incriminating Wheat. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007) (reviewing court does not evaluate counsel's performance "with the benefit of hindsight").

Because Wheat failed to establish the first *Strickland* prong, we overrule his sole issue.

## CONCLUSION

We affirm the trial court's judgment of conviction.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   November 9, 2016

Do Not Publish

5